UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**UNITED STATES OF AMERICA**            **CASE NO.  1:25-CR-00064-01**

**VERSUS**                              **JUDGE EDWARDS**

**CONNOR REED CURRINGTON**              **MAGISTRATE JUDGE PEREZ-MONTES**

### MEMORANDUM RULING AND ORDER

Before the Court is a *Motion for Stay & Review and Revocation of a Release Order* (R. Doc. 14) filed by the United States of America ("the Government"). Defendant, Connor Reed Currington ("Mr. Currington"), filed an opposition (R. Doc. 19).

I. **BACKGROUND**

   a. **Procedural Background**

Mr. Currington is one of two defendants named in a two (2) count criminal complaint and is charged with the following counts: (1) Possession with the Intent to Distribute 50 grams or more of methamphetamine[1] and (2) Conspiracy to Distribute 50 grams or more of methamphetamine.[2] (R. Doc. 1).[3] The Court appointed the Office of the Federal Public Defender to represent Mr. Currington on March 5, 2025. (R. Doc. 8). That same day, the Government made an oral motion to detain Mr. Currington pending trial. (R. Doc. 9).

Mr. Currington's detention hearing was held on March 18, 2025. (R. Doc. 16). After hearing witness testimony and arguments from counsel, the Magistrate Judge denied the

---

[1] 21 U.S.C. 841 (a)(1) and (b)(1)(A)(viii).
[2] 21 U.S.C. 846; 21 U.S.C. 841 (a)(1) and (b)(1)(A)(viii).
[3] Mr. Currington has since been indicted.

Government's motion to detain Mr. Currington and ordered his release with conditions. (R. Doc. 21).

The Government now requests that the Court revoke the decision to release Mr. Currington and that he be detained without bond. Mr. Currington proposes that he be released to his mother in Lewisville, Texas, which is roughly 300 miles from Alexandria, Louisiana.

### b. Factual Background

At Mr. Currington's detention hearing, the Government's witness, a Special Agent of the Federal Bureau of Investigations, testified as to the facts leading to Mr. Currington's arrest. On the night of February 27, 2025, members of the Grant Parish Sheriff's Office and the Louisiana State Police observed a vehicle with a Texas license plate making a U-turn near the entrance of the Federal Corrections Center at Pollock, Louisiana ("FCC-Pollock"). The passenger was crawling from the front to the back seat of the vehicle, a seatbelt violation. Upon stopping the vehicle, the officers discovered that the driver was Mr. Currington. Mr. Currington could not provide consistent travel plans and, accordingly, could not explain his reason for being on the FCC-Pollock site. During the stop, officers spotted an item consistent with drug paraphernalia on the backseat of Mr. Currington's vehicle and proceeded to search the car.

A search of Mr. Currington's vehicle yielded: "one pound of a clear crystal substance suspected to be methamphetamine, and two clear bags containing a powdery substance weighing approximately 60 grams"[4] and "approximately 40 cellphones, multiple cell phone chargers, battery packs, digital scales, and approximately 91 lighters."[5]

---

[4] R. Doc. 1-1, p.3.
[5] R. Doc. 1-1, p.3.

## II. LAW

A magistrate judge's decision regarding pretrial detention is subject to de novo review by the district judge. 18 U.S.C. § 3145; *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992). Pretrial detention is governed by the standards set forth under the Bail Reform Act, 18 U.S.C. § 3142. Generally, the government bears the burden of showing that the defendant should be detained. 18 U.S.C. § 3142(f). However, in some cases – including this case – a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). In this case, the parties stipulated that the rebuttable presumption existed because the defendant is charged with offenses subject to a minimum term of imprisonment of ten years under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(e)(3)(A).

Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion," which remains with the Government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *United States v. Fortna*, 769 F.2d 243, 251. *See also Hare*, 873 F.2d at 798-99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.").

Notwithstanding the foregoing, the Court must still review the Section 3142(g) factors. *See United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the language of Section 3142(g) "mandates district court review of certain factors"). Section 3142(g) provides that a court shall consider four factors in determining whether a defendant poses a risk of flight or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the

evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

When detention is based on flight risk, the government must make this showing by a preponderance of the evidence. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). "Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009) (quoting *United States v. Tortora*, 922 F.2d 880, 888 (1st Cir. 1990)) (cleaned up).

### III. ANALYSIS

#### a. Nature and Circumstances of the Charged Offenses

The charges brought against Mr. Currington are serious. Mr. Currington was apprehended near the entrance of FCC-Pollock with one (1) pound of suspected methamphetamine, cellphones, and drug paraphernalia. The Government's witness testified that the location of the arrest and the materials discovered during the search of Mr. Currington's vehicle are consistent with the introduction of contraband at FCC-Pollock. The Court notes that the introduction of contraband, specifically cellphones and drugs, increases the risk of violence to inmates and staff within the facility. The introduction of this type of contraband also reflects communication from within FCC-Pollock to individuals outside of the facility, further enabling criminal conduct in the community.

This is not an incident involving the isolated sale of drugs on the street corner. The charged conduct involves a conspiracy to distribute a significant amount of drugs such that the minimum sentence is ten (10) years of imprisonment. This factor weighs in favor of detention.

b.  **Weight of Evidence**

Next, the Court must consider the weight of the evidence against Mr. Currington. A search of the vehicle driven by Mr. Currington revealed: "one pound of a clear crystal substance suspected to be methamphetamine, and two clear bags containing a powdery substance weighing approximately 60 grams."[6] Further, he had: "approximately 40 cellphones, multiple cell phone chargers, battery packs, digital scales, and approximately 91 lighters."[7] The strength of the Government's evidence of Mr. Currington's involvement in serious criminal activity weighs in favor of detention.

c.  **History and Characteristics of the Defendant**

Relevant history and characteristics include "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

The evidence adduced at the hearing revealed that Mr. Currington has a history of low-level arrests and convictions for drug-related offenses. The Court notes that Mr. Currington has no record of felony convictions. Further, the Court notes that Mr. Currington was previously employed at Walmart and worked his way up to management. However, the testimony also revealed that Mr. Currington has been suffering from substance abuse for the last two years, is currently unemployed, and has been "spiraling" as of late.

Importantly, Mr. Currington has no family ties in the area. His mother and proposed third-party custodian, resides more than 300 miles away from Alexandria, Louisiana, and he does not have close ties with his in-state relatives, who are more than an hour outside of central Louisiana.

---

[6] R. Doc. 1-1, p.3.
[7] R. Doc. 1-1, p.3.

Given Mr. Currington's current struggles – his "spiraling" behavior and substance abuse issues – along with his lack of ties to central Louisiana, the Government has demonstrated, by a preponderance of the evidence, the potential flight risk posed by Mr. Currington.[8] This factor weights in favor of detention.

### d. Nature and Seriousness of the Danger Posed by the Defendant

As discussed above, the charges brought against Mr. Currington are serious in nature; so is the danger implied by his actions. The testimony of the Government's witness indicates an intent to deliver the controlled substances and other contraband to the FCC-Pollock. The danger posed by Mr. Currington cannot be understated. The introduction of cellular phones, controlled substances, and lighters to a federal prison poses a risk of harm to the inmates – both to themselves and others – as well as FCC-Pollock guards and all other facility staff. This factor weighs in favor of detention.

## IV. CONCLUSION

For the foregoing reasons, the defense has failed to produce evidence to rebut the presumption of detention. Accordingly, **IT IS HEREBY ORDERED** that instant *Motion for Stay & Review and Revocation of a Release Order* is **GRANTED**.

**IT IS FURTHER ORDERED** that Connor Reed Currington will remain in the custody of the United States Marshals Service pending future proceedings.

Signed in Alexandria, this 25th day of March, 2025

_____
**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**

---

[8] *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).